UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RONALD JOHN HUNTSMAN, SR.,<br><br>              Petitioner,<br><br>   v.<br><br>RANDY BLADES,<br><br>              Respondent. | Case No. 1:15-cv-00057-EJL<br><br>**MEMORANDUM DECISION AND ORDER** |

      Pending before the Court is Petitioner Ronald John Huntsman Sr.'s Petition for Writ of Habeas Corpus. (Dkt. 3.) Respondent has filed a Motion for Summary Dismissal, arguing that Petitioner's claims are noncognizable or procedurally defaulted. (Dkt. 13.) The Motion is now ripe for decision.

      Having carefully reviewed the record, including the state court record, the Court finds that the parties have adequately presented the facts and legal arguments in the briefs and record and that oral argument is unnecessary. *See* D. Idaho L. Civ. R. 7.1(d). Accordingly, the Court enters the following Order granting the Motion and dismissing this case with prejudice.

**MEMORANDUM DECISION AND ORDER - 1**

## BACKGROUND

The facts underlying Petitioner's conviction are set forth clearly and accurately in *State v. Huntsman*, 199 P.3d 155 (Idaho Ct. App. 2008), which is contained in the record at State's Lodging B-8. The facts will not be repeated here except as necessary to explain the Court's decision.

Petitioner and two other defendants were indicted in the Fourth Judicial District Court in Ada County, Idaho on one count of first-degree murder, along with a deadly weapon enhancement for the use of a firearm during the murder, and two counts of kidnaping. *Huntsman*, 199 P.3d at 582. After Petitioner chose not to waive his speedy trial rights and objected to the prosecution's request for a continuance of the trial, the state moved to dismiss the charges without prejudice. The trial court granted the motion, and Petitioner did not file an immediate appeal of the dismissal without prejudice. Petitioner was later re-charged in a second indictment. *Id.* at 583.

Petitioner filed a motion to dismiss in the second case, arguing that his "state and federal constitutional rights to a speedy trial had been intentionally violated when the prosecution dismissed and re-filed the identical charges." *Id.* Defense counsel agreed to continue the hearing on the motion to allow the state more time. (State's Lodging A-4 at 131.) During a later hearing, the trial court noted that the motion to dismiss was still pending. Defense counsel then stated, "I am less concerned about that," to which the court responded, "I think the case law is fairly clear on that." (*Id.* at 208.) The trial court noted that it would take up that motion the next week. However, it appears that the motion to dismiss was not argued, and the court never ruled on it.

**MEMORANDUM DECISION AND ORDER - 2**

The jury found Petitioner guilty of all charges, and Petitioner received a unified life sentence with 30 years fixed for first-degree murder, along with concurrent unified terms of 20 years in prison with 10 years fixed on the kidnaping charges. *Huntsman*, 199 P.3d at 583. Petitioner appealed both the judgment of conviction and the dismissal of the first case without prejudice. The appeals were consolidated. (State's Lodging B-1.)

On appeal, Petitioner argued—among other things—that his right to a speedy trial was violated by the dismissal and re-filing of charges. (State's Lodging B-2.) The Idaho Court of Appeals affirmed. The court held that it lacked jurisdiction to consider the appeal from the dismissed case because the notice of appeal was untimely. *Huntsman*, 199 P.3d at 584. According to the court, the proper procedure to preserve Petitioner's appellate rights as to the dismissal and refiling of the charges would have been either (1) to file a timely appeal of the dismissal without prejudice of the first indictment, or (2) to file and pursue a motion to dismiss the second indictment. *Id*. The court of appeals also held that Petitioner had forfeited the argument that the trial court should have granted his motion to dismiss, because (1) it was Petitioner's "burden to obtain a ruling on his motion" to dismiss the second indictment, and (2) the trial court never ruled on the motion to dismiss. *Id*. at 586. The Idaho Supreme Court denied review. (State's Lodging B-11.)

Petitioner later filed a petition for state postconviction relief, arguing that his trial counsel rendered ineffective assistance in several ways, including by (1) failing to file a timely appeal in the dismissed case, and (2) failing to ensure that the court ruled on the motion to dismiss the second indictment, thereby preserving Petitioner's statutory and

**MEMORANDUM DECISION AND ORDER - 3**

constitutional speedy trial arguments. (State's Lodging C-1 at 41-44.) The trial court denied the petition, holding (1) that it lacked jurisdiction to grant relief on the claim that counsel failed to file a timely appeal, (2) that the postconviction petition was untimely as to that claim in any event, and (3) that Petitioner could not show prejudice from counsel's failure to pursue his speedy trial motion in the second case because the motion would not have been granted. (*Id*. at 598-99, 727-29.)

The Idaho Court of Appeals affirmed. (State's Lodging D-4.) The court denied, on two alternative grounds, Petitioner's claim that counsel should have appealed the dismissal of the first indictment. First, the Court held that Idaho's postconviction statutory scheme does not allow relief to be granted unless the Petitioner was convicted in the case under review. Because Petitioner was not convicted in the dismissed case, he could not obtain postconviction relief. (*Id*. at 5-7.) Second, the court of appeals held that the claim was untimely. A postconviction petition must be filed within one year of the expiration of the time to appeal, and more than one year had elapsed between the date when the dismissal of the first indictment became final (November 18, 2005, 42 days after the dismissal order), and the date Petitioner filed his postconviction petition (February 20, 2009). (*Id*. at 7.) Therefore, Petitioner's claim that counsel should have appealed the dismissed case was untimely. (*Id*. at 8.) As to Petitioner's other claim—that counsel should have pursued his motion to dismiss the indictment in the second case— the court of appeals held that Petitioner had not shown a reasonable probability that the motion would have been granted. (*Id*. at 13.) The Idaho Supreme Court denied review. (State's Lodging D-6.)

**MEMORANDUM DECISION AND ORDER - 4**

In the instant federal habeas corpus petition, Petitioner asserts the following claims:

    Claim 1:    The state court erred in concluding that it did not have jurisdiction to grant postconviction relief with respect to the dismissed case.

    Claim 2:    Petitioner's trial counsel was ineffective in failing to file a timely appeal from the dismissal of the first indictment.

    Claim 3:    The Idaho state constitution and "common law" required some sort of postconviction relief, even though there was no judgment of conviction in the dismissed case.

    Claim 4:    The state court erred in concluding that the postconviction petition was untimely as to Petitioner's claim of ineffective assistance for failing to appeal the dismissed case.

(Dkt. 3 at 2-3.) Petitioner does not claim that his trial counsel was ineffective in the second case for failing to pursue Petitioner's motion to dismiss based on a statutory or constitutional right to a speedy trial.

Respondent has moved for summary dismissal of the Petition.

## DISCUSSION

**1.    Standards of Law**

Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court may also take judicial notice of relevant state court records in

**MEMORANDUM DECISION AND ORDER - 5**

determining whether to dismiss a petition.[1] Fed. R. Evid. 201(b); *Dawson v Mahoney*, 451 F.3d 550, 551 (9th Cir. 2006). Where appropriate, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989).

2. **Claims 1, 2, and 4: Alleged Errors during State Postconviction Proceedings**

Federal habeas corpus relief may be granted on claims adjudicated on the merits in a state court judgment when the federal court determines that the petitioner "is in custody in violation of the Constitution or laws or treaties *of the United States*." 28 U.S.C. § 2254(a) (emphasis added). Accordingly, claims of error during state postconviction proceedings, like any state law errors, are not cognizable on federal habeas review. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam).

Claims 1, 2, and 4 all allege that the Idaho state courts erred during their adjudication of Petitioner's state postconviction proceedings. Therefore, they are not cognizable in this federal habeas corpus action and must be dismissed. *See id.*

3. **Claim 2: Ineffective Assistance of Counsel Based on Counsel's Failure to Appeal the Dismissal without Prejudice in the First Case**

    A.  *Standard of Law for Procedural Default*

A habeas petitioner must exhaust his or her remedies in the state courts before a federal court can grant relief on constitutional claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). To do so, the petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state

---

[1] The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by Respondent on July 20, 2015. (Dkt. 12.)

**MEMORANDUM DECISION AND ORDER - 6**

courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review. *Id.* at 845. In a state that has the possibility of discretionary review in the highest appellate court, like Idaho, the petitioner must have presented all of his federal claims at least in a petition seeking review before that court. *Id.* at 847. "Fair presentation" requires a petitioner to describe both the operative facts and the legal theories upon which the federal claim is based. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996).

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam). General references in state court to "broad constitutional principles, such as due process, equal protection, [or] the right to a fair trial," are likewise insufficient. *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999). The law is clear that, for proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim. *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001).

When a habeas petitioner has not fairly presented a constitutional claim to the highest state court, and it is clear that the state court would now refuse to consider it because of the state's procedural rules, the claim is said to be procedurally defaulted. *Gray*, 518 U.S. at 161-62. Procedurally defaulted claims include those within the following circumstances: (1) when a petitioner has completely failed to raise a claim before the Idaho courts; (2) when a petitioner has raised a claim, but has failed to fully and fairly present it as a *federal* claim to the Idaho courts; and (3) when the Idaho courts

**MEMORANDUM DECISION AND ORDER - 7**

have rejected a claim on an adequate and independent state procedural ground. *Id.*; *Baldwin v. Reese*, 541 U.S. 27, 32 (2004); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

To be an "adequate" state ground, a procedural bar must be one that is "'clear, consistently applied, and well-established at the time of the petitioner's purported default." *Martinez v. Klauser*, 266 F.3d at 1093-94 (quoting *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994)). A state procedural bar is "independent" of federal law if it does not rest on, and if it is not interwoven with, federal grounds. *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).

The state bears the ultimate burden of establishing that a state procedural bar is adequate and independent. However, "[o]nce the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule." *Bennett*, 322 F.3d at 586.

### B.     Claim 2 Is Procedurally Defaulted

Respondent argues that Claim 2 is procedurally defaulted because (1) the Idaho Court of Appeals concluded it lacked jurisdiction over the claim, (2) the state court of appeals' conclusion that the claim was untimely was based on an adequate and independent state procedural ground, and (3) Petitioner's petition for discretionary review in the Idaho Supreme Court requested review on briefs already submitted. (Dkt. 13 at 13.)

**MEMORANDUM DECISION AND ORDER - 8**

Because the Court agrees that the Idaho Court of Appeals applied an adequate and independent timeliness bar in rejecting Claim 2, the Court need not address Respondent's other arguments.

Petitioner raised Claim 2 in his petition for state postconviction relief. However, the Idaho Court of Appeals determined that the petition was untimely. (State's Lodging D-4 at 7-8.) Respondent has sufficiently alleged that Idaho's one-year statute of limitations for filing a postconviction petition, found in Idaho Code § 19-4902, is an adequate and independent state procedural ground, and Petitioner has not offered any evidence to suggest otherwise. *See Bennett*, 332 F.3d at 586. Therefore, Claim 2 is procedurally defaulted.

### C. *Petitioner Has Not Established That He Is Excused from the Procedural Default of Claim 2*

If a petitioner's claim is procedurally defaulted, a federal district court cannot hear the merits of the claim unless the petitioner meets one of two exceptions: (1) a showing of actual innocence, which means that a miscarriage of justice will occur if the constitutional claim is not heard in federal court, *Schlup v. Delo*, 513 U.S. 298, 329 (1995); or (2) a showing of adequate legal cause for the default and prejudice arising from the default, *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

However, Petitioner has not argued that cause and prejudice or actual innocence excuses the default of Claim 2, despite having been alerted to the existence of these doctrines by the state's Motion for Summary Dismissal. (*See* Dkt. 13, 15, 16.) Therefore, Claim 2 must be dismissed as procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 9**

## CONCLUSION

Claims 1, 2, and 3 of the Petition are not cognizable on federal habeas review, and Claim 2 is procedurally defaulted. Therefore, the Petition must be dismissed with prejudice.

## ORDER

**IT IS ORDERED:**

1. Respondent's Motion for Summary Dismissal (Dkt. 13) is GRANTED, and the Petition is DISMISSED with prejudice.

2. The Court does not find its resolution of this habeas matter to be reasonably debatable, and a certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c); Habeas Rule 11. If Petitioner wishes to appeal, he must file a timely notice of appeal with the Clerk of Court. Petitioner may seek a certificate of appealability from the Ninth Circuit by filing a request in that court.

DATED: February 25, 2016

Edward J. Lodge
United States District Judge